IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SEAN CHRISTOPHER CLEMMONS, et al.,**

    **Plaintiff,**

    v.                                                     **Case No. 5:17cv62**
                                                           **(Judge Stamp)**

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S
MOTION TO AMEND COMPLAINT BE DENIED**

On May 11, 2017, the *pro se* Plaintiff, a federal inmate, initiated this case by filing a Civil Rights Complaint. Although the complaint was originally dismissed without prejudice, upon further review, the Court determined that the Plaintiff had complied with the magistrate's order, and the civil action was reopened. In addition, the Plaintiff's motion for joinder of his <u>Bivens</u> action and his FTCA which had been filed on September 8, 2017, was granted, and both complaints now bear the above referenced civil action number. On July 25, 2018, the Plaintiff's Motion to Amend and Supplement was granted, and the Plaintiff was notified of the possible consequences of pursuing both a FTCA and <u>Bivens</u>. On July 30, 2018, the Plaintiff notified the Court of his intention to pursue both claims. In addition, he filed an Amended/Supplemental Complaint pursuant to the FTCA [ECF No. 33], together with an argument in support of his claim that he is entitled to the "common knowledge exception of W.Va. Code § 55-7B-6(c). ECF No. 34. In addition, the Plaintiff filed his <u>Bivens</u> complaint in conformity with this court's local rules. ECF No. 33.

With respect to his complaint under the FTCA, the Plaintiff alleges ordinary negligence with respect to prescribed orders for post-surgical care following his hemorrhoidectomy. In addition, he alleges that he BOP officials neglected/delayed providing him with pain medication and delayed a referral for evaluation and treatment by a neurologist . Finally, he alleges that he was delayed in receiving treatment from an eye doctor.

The United States has been served with the FTCA. Some of the individual defendants

have been served with the Bivens complaint. However, no answer has been filed by any defendant.

Currently pending is the Plaintiff's Motion to Amend his FTCA, seeking to add claims regarding negligence by BOP employees at FCI Jesup, which is located in Georgia. The United States has not filed a response to the motion. The Plaintiff is seeking to add negligent claims regarding the alleged failure of medical staff at Jesup to refer him to a neurologist and alleged failure to send him for treatment by a "Glaucoma Doctor."

The FTCA provides the federal district courts with jurisdiction to hear civil claims against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment," if a private person would be liable for the conduct based on the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). A claim against the United States pursuant to this Act "may be prosecuted only in the judicial district where the plaintiff resides or where the act or omission complained of occurred." 28 U.S.C. § 1402(b); see Upchurch v. Piper Aircraft Corp., 736 F.2d 439 (8th Cir. 1984) (construing statute as venue statute).

The Plaintiff has not indicated where he resided before his incarceration and most circuit courts have held that a prisoner's place of incarceration is not his residence. See Lindsey v. United States, 2006 WL 2060651 (N.D.W. Va. January 21, 2006) (noting circuit split on whether a prisoner's place of incarceration is his place of residence.) Regardless, the claims underlying the issues which the Plaintiff seeks to use to amend his pending FTCA took place at FCI Jesup, which is within the jurisdiction of the District of Southern Georgia. Liability under the FTCA is based on the law of the state where the event giving rise to liability occurred. See 28 U.S.C. § 1346(b). Accordingly, the Federal District Court for the Southern District of Georgia provides the proper venue for the Plaintiff's pursuit of his claims regarding medical negligence at FCI Jesup.

For the reasons stated herein, the undersigned **RECOMMENDS** that the Plaintiff's Motion for Leave to Amend (Doc. 83) be **DENIED WITHOUT PREJUDICE** to the Plaintiff's right to file a complaint in the Southern District of Georgia.

The parties shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

ENTER: August 7, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE