IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SEAN CHRISTOPHER CLEMMONS,

    Plaintiff,

v.                                    Civil Action No. 5:17CV62
                                              (STAMP)

REGIONAL DIRECTOR, J. CARAWAY,
CHARLES WILLIAMS, EX-WARDEN,
MR. GREENFIELD, MICHAEL WEAVER,
EDDIE ANDERSON, ALICIA WILSON,
ANDREA HALL, SARAH HUDNALL,
ANDREA SMITH-POSEY,
LINDA CARPENTER, H. WILLIAMS
and UNITED STATES OF AMERICA,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I.  Background

The pro se[1] plaintiff, Sean Christopher Clemmons, a federal inmate, filed a federal civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). ECF Nos. 1 and 18. In his Bivens complaint, the plaintiff requests that the Court award him damages and injunctive relief. ECF No. 1 at 11; ECF No. 18 at 24. The plaintiff also later filed a civil action based on the Federal Tort Claims Act ("FTCA"), and the Bivens action and the FTCA action were joined

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

together. ECF No. 23. In the plaintiff's FTCA complaint, the plaintiff alleges that he "was subjected to 'ordinary negligence' by the acts/omissions of the United States and its [Federal Bureau of Prison's ("FBOP")] employees." ECF No. 33 at 6. Specifically, the plaintiff states that he "was neglected/delayed a colace laxative medication that was prescribed for [him] by a free-world 'MD', GI - surgeon specialist - Salvatore Lanassa, concerning a hemorrhoidectomy procedure that was performed on [him] on 8/25/2015." Id. at 7. Moreover, the plaintiff alleges that "[he] was delayed an appointment date in reasonable time frame concerning a referred/approved 'colonoscopy diagnosis treatment', to determine why [he] was constantly bleeding 'everyday' during and after [his] defecations, and why [he] was constantly having a yellow 'pus' drainage leakage coming from [his] rectal anus area." Id. The plaintiff also states that he was denied prescriptions, was threatened, and that FBOP employees took retaliatory actions against him. Id. at 7-13. Lastly, the plaintiff asserts that "[he] was also delayed at different dates and times treatment from the eye doctor." Id. at 14-15.

The plaintiff then filed a motion for leave to amend his FTCA complaint. ECF No. 83. Specifically, the plaintiff seeks to amend "[his] Claim 4 and 5 ("FTCA") claims concerning delay to a NEURO Doctor and Claim 5 concerning excessive delay to a Glaucoma Doctor." Id. at 1. Specifically, the plaintiff states that

2

"[t]hese new amended claim (if [he is] allowed to amend) will be claims arising from the same transactions, occurrences, or series of transaction or occurrences against the FBOP's employees here at FCI Jesup, GA., whom the United States (as a defendant) employ and act by and through concerning these claims and this case at bar." Id.

The defendants did not file a response to the plaintiff's motion for leave to amend.

United States Magistrate Judge James P. Mazzone entered a report and recommendation, in which he recommends that the plaintiff's motion for leave to amend be denied without prejudice to the plaintiff's right to file a complaint in the United States District Court for the Southern District of Georgia. ECF No. 106 at 2.

The plaintiff then filed objections. ECF No. 124. The plaintiff first states that the FTCA is an action against the United States "as a whole an[d] [sic] a district should have jurisdiction against the United States concerning any action no matter what venue the claim was brought." Id. at 1. Moreover, the plaintiff asserts "that a district court no matter what venue it's in should have power and authority to use its long arm statute to hold the United States liable for prosecution in a civil action, because again this is a case against the 'United States' as a whole

3

in its officials capacity and not as suing its employees in their individual capacity under a Bivens constitutional action." Id.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.

Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the plaintiff objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

Upon review, this Court finds that in his report and recommendation, the magistrate judge correctly determined that the claims underlying the issues which the plaintiff seeks to add to his pending FTCA action took place at FCI Jesup, which is in the jurisdiction of the United States District Court for the Southern

4

District of Georgia.  ECF No. 106 at 2.  Since liability under the FTCA is based on the law of the state where the event giving rise to liability occurred, the magistrate judge properly concluded that the United States District Court for the Southern District of Georgia is the proper venue for the plaintiff's claims that occurred at FCI Jesup.  Id.

Thus, this Court finds that the plaintiff's pending motion to amend should be denied without prejudice to the plaintiff's right to file a complaint in the United States District Court for the Southern District of Georgia.  This Court finds no error in any of the above determinations of the magistrate judge and thus upholds his rulings.

## IV. Conclusion

The report and recommendation of the magistrate judge (ECF No. 106) is hereby AFFIRMED and ADOPTED in its entirety.

Accordingly, plaintiff's motion for leave to amend (ECF No. 83) is hereby DENIED WITHOUT PREJUDICE to the plaintiff's right to file a complaint in the United States District Court for the Southern District of Georgia.

IT IS SO ORDERED.

The Clerk is DIRECTED to retain a copy of this memorandum opinion and order and transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail.

DATED:      October 16, 2019

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE